## AFFIDAVIT

I, Christopher Fassler, being duly sworn depose and state as follows:

1. I am an "Investigative or Law Enforcement Officer" within the meaning of Title 18, United States Code, Section 2510(7) as a Special Agent (SA) of the Federal Bureau of Investigation (FBI). I am empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been employed by the FBI since March of 2011, and have been assigned to the Cleveland Division, Akron Resident Agency, since August 2011 where I am detailed to the Akron Area Safe Street Task Force (AKRSS). I have gained experience through training at the FBI Academy in Quantico, Virginia and everyday work relating to conducting these types of investigations.

2. The facts and allegations in this Affidavit are based on my training and experience, knowledge of the investigation, my review of reports and my communications with other law enforcement officers who have participated in this investigation.

### FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

3. On May 19, 2023, the Honorable Amanda M. Knapp, United States Magistrate Judge, Northern District of Ohio, authorized a federal search warrant for the premises located at 175 E. Ido Ave, Akron, OH 44301 and curtilage thereto ("Ido"), under case number 5:23mj1138.

4. The search warrant authorized law enforcement to seize, among other items, "controlled substances, including cocaine, marijuana and oxycodone," as well as "drug trafficking paraphernalia, including scales, packaging materials, cutting materials and other instrumentalities of narcotics activities." The search warrant also authorized law enforcement to seize "Firearms, ammunition, and weapons."

5. On May 25, 2023, around 6:00 AM, members of the Federal Bureau of Investigation, Greater Akron Safe Streets Task Force, and other law enforcement were preparing to execute the search warrant at Ido.

6. At approximately 6:15 a.m., law enforcement observed Mario M. RUPLE drive away from the home and pull into a nearby gas station. An Akron Police Department (APD) officer and myself approached RUPLE in the parking lot where he was detained. I advised RUPLE that he was not under arrest, but that search warrants were being authorized and being executed on his person, his vehicle, and at his residence. RUPLE advised that his girlfriend was at the residence and that he had a gun and some pills at the house. RUPLE then advised that he wanted an attorney.

7. During the search of the premises, law enforcement recovered 1 firearm and a bag of suspected pills. The firearm was Kel-Tec, model P-11, 9mm pistol, bearing serial number AGB08. A loaded magazine was recovered near the firearm.

8. I know, based on a review of court documents, that RUPLE has a prior conviction for a crime punishable by more than 1 year of incarceration, including a conviction in the Summit County Court of Common Pleas, in case number CR-1991-12-2708, on or about April 10, 1992 for Aggravated Murder and for Aggravated Robbery. I understand that this conviction prohibits RUPLE federally from possessing a firearm.

9. I know, based on my training and experience, that Kel-Tec firearms are manufactured outside the State of Ohio, and thus, the above firearm travelled in interstate commerce.

## CONCLUSION

10. Affiant being duly sword according to law, deposes, and states that the facts in the foregoing Affidavit are true and correct to the best of his knowledge, information and belief.

11. Based on Affiant's training, experience and the facts set forth in this Affidavit, your Affiant believes that there is probable cause to believe that Mario M. RUPLE did knowingly and intentionally possess a firearm despite having previously been convicted of a crime punishable by more than one year of incarceration, in violation of Title 18, United States Code, Section 922(g)(1).

SA Christopher Fassler
Federal Bureau of Investigation

Sworn to and subscribed before me this 25th day of May, 2023.

Amanda M. Knapp
U.S. Magistrate Judge